Mr. Justice Groves
dissenting:
I respectfully dissent.
The instruction on specific intent, which the trial court refused with resulting error according to the majority opinion, reads as follows:
“In this case, you are instructed that in addition to the general intent necessary as is otherwise defined in these instructions, it is necessary that the People prove, beyond a reasonable doubt, that the defendant, intended, if resisted, to maim, wound or kill the victim or any other person.”
Instruction No. 9, which was given by the court, reads as follows:
“You are instructed that robbery is defined to be the felonious and violent taking of money, goods or other valuable thing from the person of another by force and intimidation, and that to constitute the crime of aggravated robbery the defendant must have been at the time of the robbery armed with a dangerous weapon, with intent, if resisted, to kill, maim or wound the person robbed, or some other person.”
As to specific intent, there is a striking parallel between the two instructions and the court by instruction No. 9 effectively instructed the jury as requested by the de *304 fendant. Further, as I read the cases cited in the majority opinion, instruction No. 9 complies with the requirements therein made, except possibly Gonzales v. People, 166 Colo. 556, 445 P.2d 74. While it does not appear in the opinion, the same instruction as instruction No. 9 here was given in Gonzales. I have now concluded that I should have dissented instead of specially concurred in Gonzales.
I would, therefore, affirm here.
I am authorized to state that Mr. Chief Justice McWilliams concurs in this dissent.